**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 25-cv-61662

CITY OF POMPANO BEACH, FLORIDA,
a Florida municipal corporation,

        Plaintiff,

v.

JASON THOMAS DICKMAN,
an individual,

        Defendant.

_____/

## COMPLAINT

Plaintiff, City of Pompano Beach, Florida (hereinafter, "Plaintiff" or "the City"), a Florida municipal corporation, by and through undersigned counsel, hereby files this Complaint against Defendant, Jason Thomas Dickman ("Defendant"), an individual, for state and Federal trademark-related claims. In support thereof, the City states as follows:

### JURISDICTION, VENUE AND THE PARTIES

1.      This is an action which is, in part, brought pursuant to the Trademark Laws of the United States and 15 U.S.C. §§ 1114, 1125.

2.      This Court has original jurisdiction pursuant to Title 28, United States Code, Sections 1331 and 1338, as this case involves a federal question arising under the Constitution, laws, or treaties of the United States, and pursuant to Title 28, United States Code, Section 1367 for all related claims not falling under 28 U.S.C. § 1331.

3.      Plaintiff, the City of Pompano Beach, Florida, is a municipal corporation organized under the laws of the State of Florida, is a citizen of Broward County, Florida, and is otherwise *sui juris*.

4.      At all times material hereto, Defendant, Jason Thomas Dickman, was an individual who resides and transacts business at 1110 South Cypress Road, Pompano Beach, FL 33060, was engaged in the conduct of interstate commerce, and regularly conducts business in this judicial district.

5.      Upon information and belief, Defendant is a resident within this judicial district and is otherwise *sui juris.*

6.      Defendant markets, advertises, offers for sale, and sells hats, tumblers, decals, t-shirts, tank tops, and apparel in this judicial district and, more specifically, in Pompano Beach, Florida.

7.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), as Defendant resides in this judicial district and has engaged in acts of infringement within this judicial district, wherein said acts form a substantial part of the events giving rise to the claims asserted herein.

### GENERAL ALLEGATIONS

8.      In connection with its objective of promoting the economic development and tourism of the City of Pompano Beach, Florida, the City owns a number of Federally registered trademarks including, without limitation and as particularly relevant in this case, the following:

a.   U.S. Registration No. 4,158,847 ("the '847 Registration"), having a registration



date of June 12, 2012, for the design mark                    in connection with "Business marketing services, namely, promoting the economic development and tourism in the city of Pompano Beach, Florida" in

International Class 035 ("Registered Services"), *see* **Exhibit A** (trademark registration certificate for the '847 Registration); and

b.   U.S. Registration No. 4,155,384 ("the '384 Registration") (wherein the '847 and '384 Registrations are collectively referred to herein as "the Registrations"), having a registration date of June 5, 2012, for the standard character mark FLORIDA'S WARMEST WELCOME (wherein the



and FLORIDA'S WARMEST WELCOME marks are collectively referred to herein as "the Registered Marks") in connection with the Registered Services, *see* **Exhibit B** (trademark registration certificate for the '384 Registration).

9.      The Registrations are both valid and subsisting on the Principal Register and have achieved incontestable status.

10.     As such, the Registrations constitute *prima facie* evidence that the Registered Marks are registered and valid (i.e., protectible), that the City owns the Registered Marks, and that the City has the exclusive right to use the Registered Marks in commerce.

11.     The Registered Marks' incontestable status further provides ***conclusive*** evidence of the validity of the Registered Marks and of the registration of the Registered Marks, of the City's ownership of the Registered Marks, and of the City's exclusive right to use the Registered Marks in commerce.

12.     The Registered Marks both have a date of first use anywhere and in commerce of March 29, 2011.

3

13.     Since as early as 2011, the City has marketed, offered, and rendered the Registered Services in Florida and throughout the United States under the Registered Marks. *See, e.g.*, www.pompanobeachfl.gov and **Exhibit C**.

14.     The City has invested extensive capital, effort, time, and resources in building the brand, reputation, and consumer goodwill of the Registered Marks.

15.     Based upon the continuous and substantially exclusive use of the Registered Marks in commerce, and as a consequence of the City's extensive advertising, promotion and sale of the Registered Services, the Registered Marks have become strong and distinctive of the Registered Services in the minds of the consuming public.

16.     The public recognizes the Registered Marks as representing the quality and value of the Registered Services, identifying the Registered Services as emanating from a single source, and distinguishing the Registered Services from other services marketed and provided by other sources.

17.     The City has developed and acquired a valuable reputation in the minds of the consuming public in connection with its services advertised under the Registered Marks and has enjoyed the goodwill associated therewith.

18.     Upon information and belief, Defendant is a resident of Pompano Beach, Florida.

19.     In or around November of 2024, the City became aware of Defendant's use of the



confusingly similar trademarks  and FLORIDA'S SALTIEST WELCOME (collectively, "Infringing Marks") in commerce in a concerted and pointed effort to: (a) detract from and injure the City's valuable goodwill and reputation, and (b) cause consumers to

erroneously believe that Defendant and his products are somehow associated with, affiliated with, or sponsored by the City when that is not, in fact, true.

20.     Specifically, Defendant markets, offers for sale, and sells hats, tumblers, decals, t-shirts, tank tops, and apparel (collectively, "Infringing Goods") under and in connection with the Infringing Marks via, at a minimum, (1) the www.shoptruelocal.com website ("Defendant's Website") to consumers in Florida and throughout the United States; (2) the @pompano.bitch Instagram page/account to consumers in Florida and throughout the United States; and (3) in-person solicitations at venues and events throughout the City of Pompano Beach, Florida and throughout Florida, generally. *See* **Exhibit D** and below.



## Shop Pompano Bitch






Pompano Bitch Cap
$29.95 USD

Pompano Bitch Ladies' Racerback Tank
$29.95 USD

Pompano Bitch T-Shirt
$29.95 USD

Pompano Bitch Decal
$3.00 USD








21.    Defendant is the owner of a fictitious name filing for "TRUE LOCAL", with a filing date of June 16, 2025. *See* **Exhibit E** (Florida fictitious name filing).

22.    Further exacerbating the likelihood of confusion between the City and the Defendant is the fact that Defendant has marketed, offered for sale, and sold the Infringing Goods and displayed the Infringing Marks at City-sponsored events within Pompano Beach, Florida,

including, without limitation, at the City-sponsored *Old Town Untapped* series, which runs from October through May.

23.     The *Old Town Untapped* event is a cultural arts and music block party located in the heart of Downtown Pompano Beach which features live music and local artists, food trucks, and vendors.

24.     Defendant's distribution and sale of the Infringing Goods at City-sponsored events like *Old Town Untapped* has and will cause consumers to erroneously believe that Defendant and his products are somehow associated with, affiliated with, or sponsored by the City.

25.     Moreover, the Infringing Marks are substantially similar to the Registered Marks is visual appearance, sound, and pronunciation.



26.     The Infringing Mark features, depicts, and incorporates **all** of



the design elements of the Registered Mark                    (e.g., a shaded sun as the first letter "O" in "POMPANO", the design of a fish head in front of "BEACH"/"BITCH", etc.). It also features, depicts, and incorporates nearly all of the literal elements of the Registered Mark, i.e., the Infringing Mark features the identical initial and dominant term "POMPANO" followed by the word "BITCH" which is phonetically similar to "BEACH", wherein all of the literal elements in the Infringing Mark are depicted in the same size, font, style, and arrangement as the literal elements in the Registered Mark.

27.     Likewise, the Infringing Mark "FLORIDA'S SALTIEST WELCOME" features, depicts, and incorporates nearly all of the literal elements of the Registered Mark "FLORIDA'S WARMEST WELCOME", i.e., the Infringing Mark features the identical initial and dominant term "FLORIDA'S", followed by the similar and related term "SALTIEST" which has the identical -EST suffix as "WARMEST", and ending with the identical terminal term "WELCOME", wherein all of the literal elements in the Infringing Mark are depicted in the same size, font, style, and arrangement as the literal elements in the Registered Mark.

28.     Defendant also uses and displays the Infringing Marks in the same manner, proximity, and arrangement as the City uses and displays the Registered Marks. See below.

**Registered Marks:**



**Infringing Marks:**



29.     Moreover, the meaning and commercial impression engendered by the Infringing Marks is similar and related to that engendered by the Registered Marks, as they undeniably identify, reference, and refer to the City of Pompano Beach, Florida.

30.     Given the nature, meaning, connotation, and commercial impression engendered by the literal elements of the Infringing Marks (i.e., "POMPANO **BITCH**" and "FLORIDA'S

**SALTIEST** WELCOME", wherein emphasized text is depicted in bold), the Infringing Marks substantially detract from the goodwill of the Registered Marks and irreparably harm the City's brand and reputation.

31.     On or around November 26, 2024, the City remitted a cease-and-desist correspondence to the Defendant via email and via certified mail, placing Defendant on actual notice of the Defendant's unlawful and infringing conduct and demanding that he immediately cease and desist the same. **Exhibit F** (true and correct copy of the correspondence).

32.     To date, no responses from the Defendant has been received.

33.     Despite Defendant's knowledge of the City's superior rights in the Registered Marks, Defendant has not ceased his infringing activities.

34.     Upon information and belief, Defendant's use of the Infringing Marks was intentional, deliberate, done in bad faith, and/or in a malicious manner to the detriment of the City and to cause consumer confusion in the marketplace.

35.     Defendant was aware or should have been aware that the trade and purchasing public recognize and rely upon the Registered Marks to identify the Registered Services and to distinguish the Registered Services from those of the City's competitors.

36.     Defendant was aware or should have been aware that his use of the Registered Marks would likely confuse, mislead and otherwise deceive consumers into believing that Defendant's goods originate from or are licensed, sponsored, approved or authorized by the City.

37.     Defendant's acts have likely caused confusion among the consuming public and consumers as to the source, approval, sponsorship or affiliation of Defendant's offered goods with the goods and services of the City.

38.     Defendant's use of the Registered Marks was done without the City's permission, consent or authorization.

39.     By the aforementioned acts, Defendant has taken advantage of and sought to trade upon the reputation and goodwill developed by the City in connection with the Registered Marks.

40.     The aforementioned confusion is particularly problematic as the City markets/advertises in the same geographic region (including within this judicial district), and through the same channels of trade, as the Defendant.

41.     As a result of Defendant's conduct, the City has suffered and, unless enjoined by this Court, will continue to suffer irreparable damage to its business, reputation and goodwill.

42.     All conditions precedent to bringing this action have occurred, been performed, or been excused.

43.     As a direct result of the actions of Defendant, the City has retained the undersigned counsel and is obligated to pay counsel all attorneys' fees and costs associated with the investigation, preparation and prosecution of the instant lawsuit.

## <u>COUNT I – FEDERAL TRADEMARK INFRINGEMENT</u><br><u>(15 U.S.C. § 1114)</u>

44.     Plaintiff realleges and reavers paragraphs 1 through 43 as if fully set forth herein.

45.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .



46.     The  design mark and "FLORIDA'S WARMEST WELCOME" standard character mark are federally registered on the Principal Register.

47.     The Registrations enjoy a statutory presumption of validity, ownership of the mark, and of the City's exclusive right to use the Registered Marks in connection with the Registered Services.

48.     Moreover, the Registrations have achieved incontestable status and, therefore, provide **_conclusive_** evidence of the validity of the Registered Marks and of the Registrations, of the City's ownership of the Registered Marks, and of the City's exclusive right to use the Registered Marks in commerce.

49.     As detailed *supra*, Defendant has used, and continues to use, the Infringing Marks

 and "FLORIDA'S SALTIEST WELCOME" without the City's consent, permission, or authorization.

50.     Upon information and belief, Defendant's use of the Infringing Marks commenced in or around 2024—well after the City's earliest use of the Registered Marks in 2011.

51.     As further detailed *supra*, the Infringing Marks are confusingly similar and related in visual appearance, sound, pronunciation, meaning, and commercial impression to the Registered Marks.

52.     Moreover, the Defendant markets, offers, and sells the Infringing Goods under the Infringing Marks in the same geographic region (namely, South Florida) and through the same channels of trade (namely, online and in-person).

53.     The Infringing Goods are similar and related to the Registered Services.

54.     The Defendant's unauthorized use of the Infringing Marks on or in connection with the advertising and sale of apparel and similar promotional products (e.g., hats, tumblers, decals, etc.) in the same geographic region as the City is likely to confuse consumers into mistakenly believing that the Defendant is somehow affiliated with, associated with, or sponsored by the City.

55.     Said differently, Defendant's unauthorized use of the Infringing Marks is likely to cause confusion, mistake, or deception; cause the public to believe that the Defendant's products and services emanate or originate from the City when they do not; or that the City has authorized, sponsored, approved or otherwise associated itself with the Defendant or his products bearing the Infringing Marks, which it has not.

56.     Defendant's unauthorized use of the Infringing Marks has resulted in the Defendant unfairly and illegally benefitting from the City's reputation and consumer goodwill.

57.     Defendant engaged in the aforementioned conduct willfully and with full knowledge and awareness of the City's prior and continuing trademark rights, and with the purpose and intent of trading off the goodwill of the City's Registered Marks and confusing the relevant consuming public into mistakenly believing that the City is the source of Defendant's products or that Defendant's products are otherwise sponsored by, authorized by, or associated with the City.

58.     This conduct has caused substantial and irreparable injury to the City, the Registered Marks, and the substantial goodwill represented thereby.

59.     Accordingly, Defendant has engaged in trademark infringement in violation of 15 U.S.C. § 1114.

60.     The City has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

WHEREFORE, Plaintiff, City of Pompano Beach, Florida, by and through the undersigned, hereby respectfully demands judgment against Defendant, Jason Thomas Dickman, said judgment which should include provisions:

a) enjoining the Defendant and all of those acting in concert with him, including, but not limited to, his agents, affiliates, subsidiaries, officers, directors, attorneys and employees from further acts of trademark infringement pursuant to 15 U.S.C. § 1116, including the cessation of use with respect to the Infringing Marks or any similar trademark, trade name, logo, corporate name, service mark;

b) awarding to the City damages sustained by reason of Defendant's trademark infringement adequate to compensate the City, including awarding any lost profits and statutory damages pursuant to 15 U.S.C. § 1117;

c) awarding to the City exemplary damages for Defendant's willful and malicious trademark infringement pursuant to 15 U.S.C. § 1117;

d) awarding to the City its reasonable attorneys' fees for Defendant's willful and malicious trademark infringement pursuant to 15 U.S.C. § 1117;

e) finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the Infringing Marks or any marks confusingly similar to the Registered Marks be delivered up for destruction pursuant to 15 U.S.C. § 1118;

f) declaring this case exceptional and trebling all damages awarded to the City;

g) imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to the City;

h) awarding remuneration of the City's costs and expenses for the City to investigate, prepare and prosecute this action; and/or

i) for such further and additional relief this Court deems just and proper under the circumstances.

## COUNT II – FEDERAL TRADEMARK COUNTERFEITING
### (15 U.S.C. § 1114)

61. Plaintiff realleges and revers paragraphs 1 through 43 as if fully set forth herein.

62. The spurious marks used by Defendant,  and "FLORIDA'S SALTIEST WELCOME", on Defendant's website, social media pages, and products, is

substantially indistinguishable from the City's Registered Marks which are registered on the Principal Register of the United States Patent and Trademark Office and have achieved incontestable status.

63.     Upon information and belief, Defendant's use of the Infringing Marks commenced in or around 2024—well after the City's earliest use of the Registered Marks in 2011.

64.     Defendant affixed the Registered Marks without the City's permission or consent.

65.     Defendant used the Registered Marks in the sale, offering for sale, distribution, and advertising of goods that are substantially similar and related to the services covered by the City's Federal trademark registrations.

66.     The Defendant's unauthorized use of the Infringing Marks on or in connection with the advertising and sale of apparel and similar promotional products (e.g., hats, tumblers, decals, etc.) in the same geographic region as the City is likely to confuse consumers into mistakenly believing that the Defendant is somehow affiliated with, associated with, or sponsored by the City.

67.     Said differently, Defendant's unauthorized use of the Infringing Marks is likely to cause confusion, mistake, or deception; cause the public to believe that the Defendant's products and services emanate or originate from the City when they do not; or that the City has authorized, sponsored, approved or otherwise associated itself with the Defendant or his products bearing the Infringing Marks, which it has not.

68.     Defendant knew that the Registered Marks were registered by the City and, at the very least, knew that his use of the Infringing Marks was the same or substantially indistinguishable from the Registered Marks.

69.     Defendant knowingly and purposefully capitalized on and appropriated for himself the goodwill, reputation, and customer base of the City, as demonstrated by Defendant's advertising and sale of the Infringing Goods at City-sponsored events like *Old Town Untapped*.

70.     As a direct result of Defendant's actions, Defendant received a benefit, in the form of sales and customers, to which he was not entitled.

71.     Unless restrained and enjoined by this Court, Defendant will continue in his activities, thereby causing the City continued irreparable harm.

72.     The City has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

WHEREFORE, Plaintiff, City of Pompano Beach, Florida, by and through the undersigned, hereby respectfully demands judgment against Defendant, Jason Thomas Dickman, said judgment which should include provisions:

a)  enjoining the Defendant and all of those acting in concert with him, including, but not limited to, his agents, affiliates, subsidiaries, officers, directors, attorneys and employees from further acts of trademark counterfeiting pursuant to 15 U.S.C. § 1116, including the cessation of use with respect to the Infringing Marks or any similar trademark, trade name, logo, corporate name, service mark;

b)  awarding to the City damages sustained by reason of Defendant's trademark counterfeiting adequate to compensate the City, including awarding any lost profits and statutory damages pursuant to 15 U.S.C. § 1117;

c)  awarding to the City exemplary damages for Defendant's willful and malicious trademark counterfeiting pursuant to 15 U.S.C. § 1117;

d)  awarding to the City its reasonable attorneys' fees for Defendant's willful and malicious trademark counterfeiting pursuant to 15 U.S.C. § 1117;

e)  finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the Infringing Marks or any marks confusingly similar to the Registered Marks be delivered up for destruction pursuant to 15 U.S.C. § 1118;

f)  declaring this case exceptional and trebling all damages awarded to the City;

g)  imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to the City;

h) awarding remuneration of the City's costs and expenses for the City to investigate, prepare and prosecute this action; and/or

i) for such further and additional relief this Court deems just and proper under the circumstances.

## COUNT III – FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125)

73.     Plaintiff realleges and revers paragraphs 1 through 43 as if fully set forth herein.

74.     The Registered Marks are entitled to protection under Section 43(a) of the Lanham Act.

75.     The Defendant's unauthorized use of the Infringing Marks on or in connection with the advertising and sale of apparel and similar promotional products (e.g., hats, tumblers, decals, etc.) in the same geographic region as the City is likely to confuse consumers into mistakenly believing that the Defendant is somehow affiliated with, associated with, or sponsored by the City.

76.     Said differently, Defendant's unauthorized use of the Infringing Marks is likely to cause confusion, mistake, or deception; cause the public to believe that the Defendant's products and services emanate or originate from the City when they do not; or that the City has authorized, sponsored, approved or otherwise associated itself with the Defendant or his products bearing the Infringing Marks, which it has not.

77.     Defendant's acts were without the City's permission, consent, or authorization.

78.     Upon information and belief, Defendant's use of the Infringing Marks commenced in or around 2024—well after the City's earliest use of the Registered Marks in 2011.

79.     Defendant's acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

80.     Defendant's conduct has and continues to cause irreparable injury to the City and to its business, reputation and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to the City for which there is no adequate remedy of law.

81.     Defendant knew or had reason to know of the City's longstanding and widely recognized use of the Registered Marks, and nevertheless intentionally adopted the Infringing Marks as described above, which are confusingly similar to the Registered Marks owned by the City and embodied in the Registrations.

82.     Given that Defendant's actions were willful, deliberate, and/or fraudulent, the City is entitled to treble damages and an award of reasonable attorneys' fees against the Defendant, pursuant to 15 U.S.C § 1117.

83.     The City has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

WHEREFORE, Plaintiff, City of Pompano Beach, Florida, by and through the undersigned, hereby respectfully demands judgment against Defendant, Jason Thomas Dickman, said judgment which should include provisions:

a) permanently enjoining the Defendant and all of those acting in concert with him, including, but not limited to, his agents, affiliates, subsidiaries, officers, directors, attorneys and employees from further acts of unfair competition pursuant to 15 U.S.C. § 1116, including the cessation of use with respect to the Infringing Marks or any similar trademark, trade name, logo, corporate name, service mark;

b) awarding to the City damages sustained by reason of Defendant's willful and malicious unfair competition pursuant to 15 U.S.C. § 1117;

c) awarding to the City exemplary damages for Defendant's willful and malicious unfair competition pursuant to 15 U.S.C. § 1117;

d) awarding to the City its reasonable attorneys' fees for Defendant's willful and malicious unfair competition pursuant to 15 U.S.C. § 1117;

e) finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the Infringing Marks or any

marks confusingly similar to the Registered Marks be delivered up for destruction pursuant to 15 U.S.C. § 1118;

f)   declaring this case exceptional and trebling all damages awarded to the City;

g)   imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to the City;

h)   awarding remuneration of the City's costs and expenses for the City to investigate, prepare and prosecute this action; and/or

i)   for such further and additional relief this Court deems just and proper under the circumstances.

## COUNT IV – FEDERAL FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125)

84.   Plaintiff realleges and revers paragraphs 1 through 43 as if fully set forth herein.

85.   The Defendant's unauthorized use of the Infringing Marks on or in connection with the advertising and sale of apparel and similar promotional products (e.g., hats, tumblers, decals, etc.) in the same geographic region as the City is likely to confuse consumers into mistakenly believing that the Defendant is somehow affiliated with, associated with, or sponsored by the City.

86.   Said differently, Defendant's unauthorized use of the Infringing Marks is likely to cause confusion, mistake, or deception; cause the public to believe that the Defendant's products and services emanate or originate from the City when they do not; or that the City has authorized, sponsored, approved or otherwise associated itself with the Defendant or his products bearing the Infringing Marks, which it has not.

87.   Defendant's acts are without the City's permission, consent, or authorization.

88.   Upon information and belief, Defendant's use of the Infringing Marks commenced in or around 2024—well after the City's earliest use of the Registered Marks in 2011.

89.   Defendant's acts constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

90.     Defendant's conduct has and continues to cause irreparable injury to the City and to its business, reputation and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to the City for which there is no adequate remedy of law.

91.     The City has also suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendant's actions, all profits realized by Defendant, and costs of suit, pursuant to 15 U.S.C § 1117.

92.     Defendant knew or had reason to know of the City's longstanding and widely recognized use of its Registered Marks, and nevertheless intentionally adopted the Infringing Marks as described above, which are confusingly similar to the Registered Marks.

93.     Given that Defendant's actions were willful, deliberate, and fraudulent, the City is entitled to treble damages and an award of reasonable attorneys' fees against the Defendant, pursuant to 15 U.S.C § 1117.

94.     The City has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

WHEREFORE, Plaintiff, City of Pompano Beach, Florida, by and through the undersigned, hereby respectfully demands judgment against Defendant, Jason Thomas Dickman, said judgment which should include provisions:

a)  enjoining the Defendant and all of those acting in concert with him, including, but not limited to, his agents, affiliates, subsidiaries, officers, directors, attorneys and employees from further acts of false designation of origin pursuant to 15 U.S.C. § 1116, including the cessation of use with respect to the Infringing Marks or any similar trademark, trade name, logo, corporate name, service mark;

b)  awarding to the City damages sustained by reason of Defendant's willful and malicious false designation of origin pursuant to 15 U.S.C. § 1117;

c)  awarding to the City exemplary damages for Defendant's willful and malicious false designation of origin pursuant to 15 U.S.C. § 1117;

d)  awarding to the City its reasonable attorneys' fees for Defendant's willful and malicious false designation of origin pursuant to 15 U.S.C. § 1117;

e) finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the Infringing Marks or any marks confusingly similar to the Registered Marks be delivered up for destruction pursuant to 15 U.S.C. § 1118;

f) declaring this case exceptional and trebling all damages awarded to the City;

g) imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to the City;

h) awarding remuneration of the City's costs and expenses for the City to investigate, prepare and prosecute this action; and/or

i) for such further and additional relief this Court deems just and proper under the circumstances.

## COUNT V – FLORIDA TRADEMARK INFRINGEMENT
### (FLA. STAT. § 495.131)

95.     Plaintiff realleges and revers paragraphs 1 through 43 as if fully set forth herein.

96.     The City's Registered Marks are federally registered and distinctive marks which serve as an exclusive source indicator for the City's high quality business marketing services.

97.     The Defendant's unauthorized use of the Infringing Marks on or in connection with the advertising and sale of apparel and similar promotional products (e.g., hats, tumblers, decals, etc.) in the same geographic region as the City is likely to confuse consumers into mistakenly believing that the Defendant is somehow affiliated with, associated with, or sponsored by the City.

98.     Said differently, Defendant's unauthorized use of the Infringing Marks is likely to cause confusion, mistake, or deception; cause the public to believe that the Defendant's products and services emanate or originate from the City when they do not; or that the City has authorized, sponsored, approved or otherwise associated itself with the Defendant or his products bearing the Infringing Marks, which it has not.

99.     Defendant's acts are without the City's permission, consent, or authorization.

100.    Upon information and belief, Defendant's use of the Infringing Marks commenced in or around 2024—well after the City's earliest use of the Registered Marks in 2011.

101.    Defendant is engaging in the aforementioned conduct willfully and with full knowledge and awareness of the City's prior and continuing trademark rights, and with the purpose and intent of trading off the goodwill of the City's Registered Marks and confusing the relevant consuming public into mistakenly believing that the City is the source of Defendant's products or that Defendant's products are otherwise sponsored by, authorized by, or associated with the City.

102.    Defendant's actions constitute trademark infringement in violation of Fla. Stat. § 495.131 and have caused the City injury, including and not limited to irreparable injury to the goodwill associated with the Registered Marks.

WHEREFORE, Plaintiff, City of Pompano Beach, Florida, by and through the undersigned, hereby respectfully demands judgment against Defendant, Jason Thomas Dickman, said judgment should include provisions:

a) Issue preliminary and permanent injunctive relief against Defendant, and that Defendant, his agents, representatives, servants, employees, attorneys, successors and assigns, and all other in active concert or participation with Defendant, be (individually or collectively) preliminary and permanently enjoined and restrained from making any further infringing use of the Registered Marks;

b) That the Court order Defendant to pay the City's damages and disgorge Defendant's profits;

c) That the Court order Defendant to pay the City exemplary damages pursuant to Fla. Stat. § 495.141;

d) Declaring this case exceptional and trebling all damages awarded to the City;

e) Imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to the City;

f) Awarding remuneration of the City's cost and expenses for the City to investigate, prepare and prosecute this action; and/or

g) For such further and additional relief this Court deems just and proper under the circumstances.

## COUNT VI – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (FLA. STAT. § 501.204)

103.    Plaintiff realleges and revers paragraphs 1 through 43 as if fully set forth herein.

104.    Defendant's infringing acts, as described above, were performed by the Defendant in the course of trade or commerce and, more specifically, in the marketing, offering, and rendering of apparel and related promotional products in Florida and throughout the United States.

105.    Defendant's acts, as described above, constitute unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices.

106.    Defendant's acts, as described above, are likely to deceive consumers into believing that the Defendant is affiliated with the City and the Registered Marks, and/or that the City authorizes, sponsors, approves or associates itself with the Defendant's products and/or business practices.

107.    Defendant's acts of unfair competition have resulted in, and will continue to cause, substantial and irreparable harm for which the City has no adequate remedy at law. Therefore, the City is entitled to injunctive relief.

WHEREFORE, Plaintiff, City of Pompano Beach, Florida, by and through the undersigned, hereby respectfully demands judgment against Defendant, Jason Thomas Dickman, said judgment should include provisions:

   a)   Issue preliminary and permanent injunctive relief against Defendant, and that Defendant, his agents, representatives, servants, employees, attorneys, successors and assigns, and all other in active concert or participation with Defendant, be (individually or collectively) preliminary and permanently enjoined and restrained from making any further infringing use of the Registered Marks;

   b)   That the Court order Defendant to pay the City's damages and disgorge Defendant's profits;

   c)   Declaring this case exceptional and trebling all damages awarded to the City;

   d)   Imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to the City;

e)  Awarding to the City actual damages, plus attorneys' fees and costs pursuant to Fla. Stat. § 501.2105 and § 501.211.

f)  Awarding remuneration of the City's cost and expenses for the City to investigate, prepare and prosecute this action; and/or

g)  For such further and additional relief this Court deems just and proper under the circumstances.

## COUNT VII– FEDERAL DILUTION BY TARNISHMENT
### (15 U.S.C. § 1125(C))

108.    Plaintiff realleges and revers paragraphs 1 through 43 as if fully set forth herein.



109.    The                          design  mark  and  "FLORIDA'S  WARMEST WELCOME" standard character mark are federally registered on the Principal Register.

110.    The Registrations enjoy a statutory presumption of validity, ownership of the mark, and of the City's exclusive right to use the Registered Marks in connection with the Registered Services.

111.    Moreover, the Registrations have achieved incontestable status and, therefore, provide *conclusive* evidence of the validity of the Registered Marks and of the Registrations, of the City's ownership of the Registered Marks, and of the City's exclusive right to use the Registered Marks in commerce.

112.    The City has invested extensive capital, effort, time, and resources in building the brand, reputation, and consumer goodwill of the Registered Marks.

113.    Based upon the continuous and substantially exclusive use of the Registered Marks in commerce for over a decade, and as a consequence of the City's extensive advertising, promotion and sale of the Registered Services, the Registered Marks have become strong and distinctive of the Registered Services in the minds of the consuming public.

114.    Upon information and belief, Defendant's use of the Infringing Marks commenced in or around 2024—well after the City's earliest use of the Registered Marks in 2011.

115.    The Registered Marks are distinctive and famous and had become distinctive and famous prior to Defendant's earliest use of the Infringing Marks in 2024.

116.    Given the nature, meaning, connotation, and commercial impression engendered by the literal elements of the Infringing Marks (i.e., "POMPANO **BITCH**" as opposed to "POMPANO BEACH", and "FLORIDA'S **SALTIEST** WELCOME" as opposed to "FLORIDA'S WARMEST WELCOME", wherein emphasized text is depicted in bold), the Infringing Marks substantially detract from the goodwill of the Registered Marks and irreparably harm the City's brand and reputation.

117.    Consequently, Defendant has willfully diluted the Registered Marks.

118.    As demonstrated by Defendant's marketing and sale of the Infringing Goods online and in-person, Defendant's use of the Infringing Marks is commercial in nature and is in commerce.

119.    As a result of Defendant's conduct, the City has suffered and, unless enjoined by this Court, will continue to suffer irreparable damage to its business, reputation and goodwill.

WHEREFORE, Plaintiff, City of Pompano Beach, Florida, by and through the undersigned, hereby respectfully demands judgment against Defendant, Jason Thomas Dickman, said judgment which should include provisions:

a) permanently enjoining the Defendant and all of those acting in concert with him, including, but not limited to, his agents, affiliates, subsidiaries, officers, directors, attorneys and employees from further acts of dilution pursuant to 15 U.S.C. § 1116 and 1125(c), including the cessation of use with respect to the Infringing Marks or any similar trademark, trade name, logo, corporate name, service mark;

b) awarding to the City damages sustained by reason of Defendant's willful and malicious dilution pursuant to 15 U.S.C. § 1117;

c) awarding to the City exemplary damages for Defendant's willful and malicious dilution pursuant to 15 U.S.C. § 1117;

d) awarding to the City its reasonable attorneys' fees for Defendant's willful and malicious dilution pursuant to 15 U.S.C. § 1117;

e) finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the Infringing Marks or any marks confusingly similar to the Registered Marks be delivered up for destruction pursuant to 15 U.S.C. § 1118;

f) declaring this case exceptional and trebling all damages awarded to the City;

g) imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to the City;

h) awarding remuneration of the City's costs and expenses for the City to investigate, prepare and prosecute this action; and/or

i) for such further and additional relief this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, City of Pompano Beach, Florida, hereby demands trial by jury of all issues so triable as a matter of law.

Dated: August 15, 2025

Respectfully submitted,

/s/ Mark C. Johnson
Mark C. Johnson (FBN: 84365)
Email: MJ@JohnsonDalal.com
**JOHNSON | DALAL**
*Attorneys for Plaintiff*
111 N. Pine Island Road
Suite 105
Plantation, Florida 33324
Telephone: (954) 507-4500
Facsimile: (954) 507-4502